AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Precision Location Information; Subscriber & Transactional Records; Cell Site Information; Pen Register & Trap-and-Trace for Phone # (323) 895-8930.

)
)
)
)
)
)
)

Case No. 4:24 MJ 9067 RHH

SIGNED AND SUBMITTED TO THE COURT FOR FILING BY RELIABLE ELECTRONIC MEANS

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____NEW JERSEY_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., 841, 846 | distribution of a controlled substance and conspiracy to possess with the intent to distribute a controlled substance; money laundering |
| Title 18, U.S.C., 1956, 1957 | |

The application is based on these facts:

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

I state under the penalty of perjury that the foregoing is true and correct.

JACLYN CASACELI *Digitally signed by JACLYN CASACELI Date: 2024.02.26 14:15:45 -06'00'*

*Applicant's signature*

Jaclyn Casaceli, Special Agent, DEA

*Printed name and title*

Sworn to, attested to, or affirmed before me via reliable electronic means pursuant to Federal Rules of Criminal Procedure 4.1 and 41.

Date: 02/27/2024

*Judge's signature*

City and state: St. Louis, MO   Hon. Rodney H. Holmes, U.S. Magistrate Judge

*Printed name and title*

# ATTACHMENT A

The United States has submitted an application pursuant to 18 U.S.C. §§ 2703(c)(1)(A) & B, (c)(2), and 3122 and Federal Rule of Criminal Procedure 41 requesting that the Court issue a Warrant and Order requiring a telecommunications service provider reflected in Part II of this Attachment A, to disclose the records and other information concerning the account described in Part I of this Attachment A.

## I. The Account(s)

The Order applies to certain records and information associated with the following:

| Provider Name | Number or identifier | Owner, if known | Subject of investigation, if known |
|---|---|---|---|
| Verizon Wireless | (323) 895-8930 (the **subject cellular telephone**) | Unknown | Eric HERNANDEZ |

## II. The Provider

Records and information associated with the **subject cellular telephone** that is within the possession, custody, or control of **Verizon Wireless,** and other applicable service providers reflected on the list contained in this Attachment A, including information about the location of the **subject cellular telephone** if it is subsequently assigned a different call number.

1

## LIST OF TELECOMMUNICATION SERVICE PROVIDERS

| | | | |
|---|---|---|---|
| 01 Communications<br>Access Line Communication<br>ACN, Inc.<br>ACS<br>Aero Communications, Inc. (IL)<br>Afford A Phone<br>Airvoice Wireless<br>Alaska Communications<br>Alhambra-Grantfx Telephone<br>Altice USA<br>AmeriTel<br>AOL Corp.<br>Arch Communication<br>AT&T<br>AT&T Mobility<br>Bell Aliant<br>Big River Telephone<br>Birch Telecom<br>Blackberry Corporation<br>Brivia Communications<br>Broadview Networks<br>Broadvox Ltd.<br>Budget Prepay<br>Bulls Eye Telecom<br>Call Wave<br>Cbeyond Inc.<br>CCPR Services<br>Cellco Partnership,<br>  d/b/a Verizon Wireless<br>Cellular One<br>Cellular South<br>Centennial Communications<br>CenturyLink<br>Charter Communications<br>Chickasaw Telephone<br>Choctaw Telephone Company<br>Cimco Comm<br>Cincinnati Bell<br>Cinergy Communications<br>Clear World Communication<br>Com-Cast Cable Comm.<br>Commercial Communications<br>Consolidated Communications<br>Cox Communications<br>Cricket Wireless<br>Custer Telephone Cooperative<br>DBS Communications<br>Delta Communications<br>Detroit Cellular<br>Dobson Cellular | Egyptian Telephone<br>Electric Lightwave, Inc.<br>Empire Paging<br>Ernest Communications<br>EZ Talk Communications<br>FDN Communications<br>Fibernit Comm<br>Florida Cell Service<br>Florida Digital Network<br>Focal Communications<br>Frontier Communications<br>FuzeBox, Inc.<br>Gabriel Comm<br>Galaxy Paging<br>Global Communications<br>Global Eyes Communications<br>Global Naps<br>Grafton Telephone Company<br>Grand River<br>Grande Comm<br>Great Plains Telephone<br>Harrisonville Telephone Co.<br>Heartland Communications<br>Hickory Telephone<br>Huxley Communications<br>iBasis<br>IDT Corporation<br>Illinois Valley Cellular<br>Insight Phone<br>Integra<br>Iowa Wireless<br>IQ Telecom<br>J2 Global Communications<br>Leap Wireless International<br>Level 3 Communications<br>Locus Communications<br>Logix Communications<br>Longlines Wireless<br>Los Angeles Cellular<br>Lunar Wireless<br>Madison River<br>  Communications<br>Madison/Macoupin Telephone<br>  Company<br>Mankato Citizens Telephone<br>Map Mobile Comm<br>Marathon Comm<br>Mark Twain Rural<br>Max-Tel Communications<br>Metro PCS<br>Metro Teleconnect | Mid-Atlantic<br>Midvale Telephone Exchange<br>Mobile Communications<br>Mound Bayou Telephone Co.<br>Mpower Communications<br>Navigator<br>  Telecommunications<br>NE Nebraska Telephone<br>Netlink Comm<br>Network Services<br>Neustar<br>Neutral Tandem<br>Nex-Tech Wireless<br>Nexus Communications<br>NII Comm<br>North Central Telephone<br>North State Comm<br>Northcoast Communications<br>Novacom<br>Ntera<br>NTS Communications<br>Oklahoma City SMSA<br>ONE Communications<br>ONSTAR<br>Optel Texas Telecom<br>Orion Electronics<br>PacBell<br>PacWest Telecom<br>PAETEC Communications<br>Page Plus Communications<br>Page Mart, Inc.<br>Page Net Paging<br>Panhandle Telephone<br>Peerless Network<br>Pineland Telephone<br>PhoneTech<br>PhoneTel<br>Preferred Telephone<br>Priority Communications<br>Puretalk<br>RCN Telecom<br>RNK Telecom<br>QWEST Communications<br>Sage Telecom<br>Seren Innovations<br>Shentel<br>Sigecom LLC<br>Sky Tel Paging<br>Smart Beep Paging<br>Smart City Telecom | Socket Telecom<br>Spectrum<br>Sprint<br>SRT Wireless<br>Star Telephone Company<br>Start Wireless<br>Sugar Land Telephone<br>Sure West Telephone Company<br>Talk America<br>Tele Touch Comm<br>Telecorp Comm<br>Telepak<br>Telispire PCS<br>Telnet Worldwide<br>Tex-Link Comm<br>Time Warner Cable<br>T-Mobile<br>Total Call International<br>Tracfone Wireless<br>Trinity International<br>U-Mobile<br>United Telephone of MO<br>United Wireless<br>US Cellular<br>US Communications<br>US LEC<br>US Link<br>US West Communications<br>USA Mobility<br>VarTec Telecommunications<br>Verisign<br>Verizon Telephone Company<br>Verizon Wireless<br>Viaero Wireless<br>Virgin Mobile<br>Vonage Holdings<br>Wabash Telephone<br>Wave2Wave Communications<br>Weblink Wireless<br>Western Wireless<br>Westlink Communications<br>WhatsApp<br>Windstream Communications<br>Wirefly<br>XFinity<br>XO Communications<br>Xspedius<br>Yakdin Valley Telephone<br>YMAX Communications<br>Ztel Communications [5] |

---

[5] Last Update: 09/29/2019

## ATTACHMENT B

It is hereby ordered, pursuant to 18 U.S.C. §§ 2703(c)(1)(A) &(B), (c)(2) and 3123 and Federal Rule of Criminal Procedure 41, that the Provider(s) identified in Attachment A shall disclose to the United States the following:

**I.   PRECISION LOCATION INFORMATION**

**A.   Information to be Disclosed by the Provider**

All information for the following time period of forty-five days from the date of this Warrant and Order, that is for the time period from February 27, 2024 to April 11, 2024, 11:59 p.m. (CT) during all times of day and night, regarding the location of the subject cellular telephone described in Attachment A.

"Information about the location of the subject cellular telephone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precision location information, as well as all data about which "cell towers" (*i.e.*, antenna towers covering specific geographic areas) and "sectors" (*i.e.*, faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the investigative agency(ies).

**B.   Information to Be Seized by the United States**

All information described above in Part I, Section A that constitutes evidence of violations of Title 21, United States Code, Section(s) Section(s) 841(a)(1), 846, and Title 18 United States Code, Sections(s) 1956 and 1957 involving **Eric HERNANDEZ** and others known and unknown.

1

## II.   CELL TOWER RECORDS AND OTHER TELECOMMUNICATION DATA

For the **subject cellular telephone** identified in Attachment A, the following telecommunication records and information, but not the contents of any communication for the past thirty (30) days from the date of this Warrant and Order and at reasonable intervals for up to forty-five (45) days from the date of this Warrant and Order, the following:

**Information to be Disclosed by the Provider**

  1. All available names, addresses, and identifying information, and other subscriber and service feature information and types of service utilized;

  2. Length of service;

  3. All telephone numbers, Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI") numbers, including any and all customer service records, credit and billing records, can-be-reached numbers (CBR), enhanced custom calling features, and primary long-distance carrier;

  4. Subscriber information available for any originating telephone number;

  5. Automated Messaging Accounting (AMA) records (a carrier billing mechanism data base search which provides records of originating and terminating caller information for calls to the **subject cellular telephone**) for the above-specified time period;

  6. Means and source of payment for services, including any credit card or bank account number, and air-time summaries for available service periods, for the IP (internet protocol)

addresses being utilized by and signaled to and from the aforementioned **subject cellular telephone**;

    7.    Cellular telephone records and information pertaining to the following, for the above-specified time period:

    (a)    call detail information (provided in an electronic format specified by the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies);

    (b)    cell site activation information, including information identifying the antenna tower receiving transmissions from the **subject cellular telephone** number, and any information on what portion of that tower is receiving a transmission from the **subject cellular telephone** number, at the beginning and end of a particular telephone call made to or received by the **subject cellular telephone** number;

    (c)    numbers dialed;

    (d)    call duration;

    (e)    incoming numbers if identified;

    (f)    signaling information pertaining to that number;

    (g)    a listing of all control channels and their corresponding cell sites;

    (h)    an engineering map showing all cell site tower locations, sectors and orientations;

    (i)    subscriber information, including the names, addresses, credit and billing information, published and non-published for the telephone numbers being dialed from the **subject cellular telephone**;

(j) historical location estimates, such as Network Event Location System (NELOS), round-trip time (RTT), GPS, and per-call measurement data (PCMD); and,

(k) Internet Protocol (IP addresses) utilized by and signaled to and from the **subject cellular telephone**.

## III.  PEN REGISTERS AND TRAP AND TRACE DEVICES

For the **subject cellular telephone** identified in Attachment A for a period of forty-five (45) days from the date of this Warrant and Order, the following:

1. Pursuant to Title 18, United States Code, Section 3123, pen register and trap and trace devices, including enhanced caller identification, may be installed by the investigative agency(ies) and used to record or decode dialing, routing, addressing, or signaling information, and to capture the incoming electronic or other impulses, which identify the originating number or other dialing, routing, addressing and signaling information reasonably likely to identify the source of a wire or electronic communication to and from the **subject cellular telephone** number, including the direct connect, Voice-over-LTE (VoLTE), non-content data transmissions, or digital dispatch dialings (if applicable), the dates and times of such dialings, and the length of time of the connections, pertaining to the **subject cellular telephone** described in Attachment A., including the date, time, and duration of the communication, and the following, without geographic limit, including:

   a. IP addresses associated with the cell phone device or devices used to send or receive electronic communications;

   b. Any unique identifiers associated with the cell phone device or devices used to make and receive calls with cell phone number described in Attachment A, or to

4

send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN;

c. IP addresses of any websites or other servers to which the **subject cellular telephone** connected;

d. Source and destination telephone numbers and email addresses;

e. "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c).

2. The Provider, and/or any telecommunications service providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall initiate caller identification on the **subject cellular telephone** identified in Attachment A, without the knowledge of or notification to the subscriber, for the purpose of registering incoming telephone numbers

3. The Providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall furnish the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace devices, including enhanced caller identification, unobtrusively and with minimum interference to the services that are accorded persons with respect to whom the installation and use is to take place.

4. The Providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable telecommunications service providers, shall provide the agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, with the results of the pen register and trap and trace

5

devices, including enhanced caller identification, at reasonable intervals for the duration of this Warrant and Order.

5. Should the **subject cellular telephone** identified in Attachment A and/or ESN, MIN, IMEI, MSID or IMSI number listed above be changed by the subscriber during the effective period of this Order, the request for pen register and trap and trace devices, including enhanced caller identification, shall remain in effect for any new telephone to which the **subject cellular telephone** listed above is changed throughout the effective period of these Warrants and Orders.

6. The Providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall be provided compensation by the lead investigative agency for reasonable expenses incurred in providing technical assistance.

7. Pursuant to Title 18, United States Code, Sections 3123(d)(1) and (2), the Provider, and the service providers reflected in Attachment A, to include providers of any type of wire and/or electronic communications, and any other applicable service providers, shall not disclose the existence of this application and/or any warrant or order issued upon this application, or the existence of the investigation, for a period of one year from the date of this Order to a subscriber or lessee or to any other person, except that the provider may disclose the warrant to an attorney for the provider for the purpose of receiving legal advice.

This Warrant and Order does not authorize interception of any communications as defined in Title 18, United States Code, Section 2510(4), but authorizes only the disclosure of signaling information, including cell site information, precision location information, including GPS information, related to the **subject cellular telephone**.

The investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to whom this Warrant and Order is directed will begin monitoring the location of the **subject cellular telephone** by one of the methods described in this Warrant within ten (10) days of the date of this Warrant and Order.